| iTHIBODEAUX, Judge,
dissenting.
Indisputably, the-evidence is clear and convincing that Mr. Tomas’ work stress was extraordinary and unusual. He is being denied benefits because La.R.S. 23:1021(7)(e)(I)(ii) requires that an employee prove extraordinary physical job stress. By extension, it denies benefits to an employee who, despite proving clearly and convincingly extraordinary and unusual stress, suffers non-physical work stress in comparison to the stress or exertion experienced by the average employee in that occupation and the non-physical work stress or exertion was the predominant and major cause of the heart attack or stroke. It relegates a class of employees to an unprotected status without a reasonable basis, in my view.
l2Article I, § 3 of the 1974 Louisiana Constitution provides in pertinent part that “ ... [n]o law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideals or affiliations....” The majority concludes that a physical condition is not a fundamental right. I suppose the majority would also sanction arbitrary or unreasonable disparate treatment based on birth, sex, culture, and political ideals or affiliations as long as a reasonable basis could be shown for such differentiation. I do not subscribe to this view. Those classifications that are listed in Article I, § 3 are fundamental rights deserving of an analysis under a strict scrutiny methodology.
Even if a physical condition is not a fundamental right, the unconstitutionality of the classification was proven by clear and convincing evidence. There is simply no rational basis for differentiating between a physical condition and a non-physical condition under the statute. What legitimate governmental interest is furthered by this differentiation? None. The employer and the state submit the platitudinous argument that the differentiation in the statute protects the “economic and social welfare of the state.” No reasons are articulated as to how this interest is furthered. Furthermore, there was no evidence presented which demonstrated how the “economic and social welfare of.the state” was protected. It is easy to understand why such evidence was not put forth. There is none.
For the foregoing reasons, I respectfully dissent.